IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HENRY LAVELL MADISON**                                                                              **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 5:13cv223-DCB-MTP**

**UNKNOWN BITTS, et al.**                                                 **DEFENDANTS**

**OPINION AND ORDER**

THIS MATTER is before the Court following the Court's findings at the *Spears*[1] hearing in this case. Plaintiff's claims were clarified and amended[2] at the *Spears* hearing held on February 12, 2015. After careful consideration of the Plaintiff's claims and the applicable law, the Court finds that (1) Plaintiff's claims against Defendant Archie Longley should be dismissed and (2) Plaintiff's *ore tenus* motion to dismiss Defendants Jessica Jackson, Evelyn Dunn, and Dr. Anderson should be granted.

This case arises from medical care Plaintiff received at Wilkinson County Correctional Facility ("WCCF"). In his Complaint [1], Plaintiff names Archie Longely as a Defendant. At the hearing, Plaintiff stated that Longley is an administrator for the Mississippi Department of Corrections and is in charge of the medical staff, and thus he is responsible for any wrongful acts committed by the medical staff at WCCF.

There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303-4 (5th Cir. 1987). Instead, the plaintiff must show that (1) the supervisor either failed to supervise the subordinate officials; (2) a causal link exists between the

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010) (stating that allegations made at a *Spears* hearing supercede claims alleged in the complaint).

failure to train and the violation of the plaintiff's rights; and (3) the failure to supervise amounts to deliberate indifference. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (*quoting Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)).   In order to establish deliberate indifference in a Section 1983 action for failure to supervise, a plaintiff must demonstrate a pattern of violations and that the inadequacy of supervision is obvious and likely to result in a constitutional violation. Supervisory liability can also exist if the supervisory official implements a  policy so deficient that the policy itself is a repudiation of constitutional rights. *Thompkins*, 828 F.2d at 304.

Plaintiff has not alleged that Archie Longley was personally involved in any of the decisions regarding Plaintiff's medical treatment, that there is any causal link between Longley's failure to train and any violation of Plaintiff's rights, or that this failure amounted to deliberate indifference. He has also failed to allege that Longley has implemented any policy that resulted in a deprivation of Plaintiff's rights. Accordingly, Plaintiff has failed to state a claim against Longley, and he should be dismissed as a Defendant to this action.

Also at the hearing, Plaintiff stated that he no longer wishes to pursue his claims against Defendants Jessica Jackson, Evelyn Dunn, and Dr. Anderson.  Plaintiff testified that the request for dismissal was being made voluntarily and free from duress or coercion. No defendant opposed the Plaintiff's request. Therefore, the Court concludes that Defendants Jackson, Dunn and Anderson should be dismissed.

IT IS, THEREFORE, ORDERED:

(1) That Plaintiff's claims against Archie Longley be dismissed with prejudice and that Longley be dismissed as a Defendant to this action.

(2) That Plaintiff's *ore tenus* motion to dismiss Defendants Jessica Jackson, Evelyn Dunn, and Dr. Anderson be granted and that they be dismissed as Defendants without prejudice.

SO ORDERED this the 18th day of February, 2014.

s/ Michael T. Parker
United States Magistrate Judge
